United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALBERT MIKLOS KUN,

　　　　　Appellant,

　　v.

INTERNAL REVENUE SERVICE,

　　　　　Appellee.

Case No. 22-cv-04641-RS

**ORDER AFFIRMING IN PART AND VACATING IN PART BANKRUPTCY COURT'S ORDER GRANTING MOTION TO DISMISS**

　　　　Appellant Albert Kun filed an adversary complaint against the Internal Revenue Service ("IRS") in the Bankruptcy Court on May 10, 2022, seeking the discharge of tax obligations for the years 2012 and 2013. The Bankruptcy Court granted the IRS's motion to dismiss in a short opinion, and Kun now appeals. No oral argument is necessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8019(b)(3); *see* B.L.R. 8019-1. For the reasons discussed below, the Bankruptcy Court's order is affirmed in part and vacated in part, and the case is remanded for further proceedings.

## I. BACKGROUND

　　　　Albert Kun filed for Chapter 11 bankruptcy on November 5, 2015. *See* Dkt. 9, at 3–5. On March 26, 2018, the case was converted to a Chapter 7 bankruptcy, and several months later the Bankruptcy Court ordered a discharge. *See id.* at 11–12. Appellant avers that, in August 2021, he received "out of the blue" a notice from the IRS informing him that he was obligated to pay back a

United States District Court
Northern District of California

little over $10,000 in taxes due for the years 2012 and 2013. Dkt. 6 ("Appellant Brief"), at 8. He then moved to reopen his bankruptcy case and, after this was granted, filed an adversary complaint against the IRS, seeking a declaratory judgment that those tax obligations had been discharged by the Chapter 7 proceeding.

The Bankruptcy Court granted the IRS's motion to dismiss, holding in a brief three-page opinion that Appellant's theories were "unfounded as a matter of law," while Appellee's "legal argument [wa]s persuasive and dispositive." *Kun v. Internal Rev. Serv.*, No. 15-31382-DM, slip op. at 3:2–3 (Bankr. N.D. Cal. July 12, 2022). Specifically, it concluded that Appellant's 2012 and 2013 tax obligations were nondischargeable as a matter of law. *Id.*, slip op. at 2:16–17. Kun then filed the instant appeal.

## II. DISCUSSION

Appellant raises several arguments on appeal, which essentially present three questions: (1) whether the Bankruptcy Court erred in concluding that the 2012 and 2013 obligations were nondischargeable as a matter of law; (2) whether the Bankruptcy Court erred in discussing Appellant's 2014 tax obligations; and (3) whether the Bankruptcy Court erred in denying Appellant a hearing or leave to amend his complaint.

### A.  Legal Standard

The Bankruptcy Court's legal conclusions are reviewed de novo, while its factual determinations are reviewed for clear error. *See Banks v. Gill Distrib. Ctrs., Inc.*, 263 F.3d 862, 867 (9th Cir. 2001). Its denial of leave to amend is reviewed for an abuse of discretion. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

### B.  2012 and 2013 Tax Obligations

Appellant argues that the Bankruptcy Court improperly applied 11 U.S.C. § 523(a)(i) and failed to apply Federal Rule of Bankruptcy Procedure 1019(2)(A). As a result, he contends, the Court's conclusion that Appellant's 2012 and 2013 tax obligations are "nondischargeable as a matter of law" was erroneous. *Kun*, slip op. at 2:16–17. Appellee argues Appellant misunderstands the law on this point.

1    This question is resolved simply by inspecting the plain (albeit dense) language of the

2    Bankruptcy Code. Under 11 U.S.C. § 523(a)(i), a Chapter 7 bankruptcy will not relieve (or

3    "discharge") a debtor from the obligation to pay taxes defined in 11 U.S.C. § 507(a)(8). Section

4    507(a)(8), in turn, discusses several types of income tax obligations, including two relevant here:

5    (1) where a tax return, "if required, is last due, including extensions, after three years before the

6    date of the filing of the [Chapter 7] petition" (the "three-year rule"), or (2) the tax was "assessed

7    within 240 days before the date of the filing of the petition," exclusive of certain periods (the

8    "240-day rule"). 11 U.S.C. § 507(a)(8)(A). To summarize, if an income tax obligation satisfies

9    either the three-year rule or the 240-day rule, it will not, as a matter of law, be discharged by a

10   Chapter 7 proceeding.

11   Appellant concedes his 2012 income taxes were due on April 15, 2013, and his 2013

12   income taxes were due on April 15, 2014. *See* Appellant Brief, at 14. These both satisfy the three-

13   year rule: three years *before* the date of Appellant's initial bankruptcy filing would be November

14   5, 2012, and both obligations were due *after* this date. The fact that the case was converted from a

15   Chapter 11 proceeding to a Chapter 7 proceeding does not affect this timeframe: as Appellee

16   contends (and Appellant ignores), Federal Rule of Bankruptcy Procedure 1019(3) states that

17   claims filed before conversion "are deemed filed in the chapter 7 case." Fed. R. Bankr. P. 1019(3);

18   *see also* 3 NORTON BANKRUPTCY LAW AND PRACTICE 3d § 49:50 (2022). Meanwhile, Rule

19   1019(2)(A) has no bearing on this analysis, as Appellant suggests it should. *See* Appellant Brief, at

20   17–20.

21   Finally, the fact that the 2012 and 2013 obligations do not satisfy the 240-day rule

22   (because they weren't *assessed* within 240 days before November 5, 2015) is irrelevant. Section

23   507(a)(8) lists the three-year rule and the 240-day rule in the disjunctive, so only one need be

24   satisfied for the tax obligation to be nondischargeable. Appellant offers no support for the

25   proposition that "courts allow the taxpayer the date that is more preferential to the taxpayer."

26   Appellant Brief, at 16. The Bankruptcy Court therefore did not err in concluding these debts were

27   nondischargeable as a matter of law, and its order is affirmed in that respect.

28

United States District Court
Northern District of California

**C.  Reference to 2014 Tax Obligation**

Appellant further argues that the Bankruptcy Court erred by listing his 2014 tax obligations as nondischargeable along with his 2012 and 2013 obligations. *See Kun*, slip op. at 2:28. He variously frames this as a violation of his Fifth Amendment due process right, an act exceeding the Bankruptcy Court's subject matter jurisdiction, and a breach of the constitutional separation of powers. *See* Appellant Brief, at 11, 13; Dkt. 10, at 5.

Appellant is correct that the Bankruptcy Court framed the issues presented as being only "whether the incomes taxes for 2012 and 2013 . . . are nondischargeable." *Kun*, slip op. at 2:12–14. The Court's brief reference to the 2014 tax obligations was therefore an advisory opinion, as it "does not resolve a true controversy between adversaries." *See In re Family Health Servs.*, 130 B.R. 314, 318 (B.A.P. 9th Cir. 1991). While the conclusion appears to have been legally unavoidable (for the same reasons discussed above with respect to the 2012 and 2013 tax obligations), Appellant nevertheless had a due process interest in litigating any finding with respect to the 2014 tax obligations, especially if the order were to have preclusive effect. Further, Appellee offers no support for the argument that the Court's act of issuing an advisory opinion would not require correction on appeal. *See* Dkt. 7, at 5–6. The Bankruptcy Court's order is therefore vacated to the extent it held the 2014 tax obligation nondischargeable as a matter of law.

**D.  Amendment and Hearing**

Finally, Appellant argues the Bankruptcy Court abused its discretion by not granting leave to amend, and that it violated his Fifth Amendment due process rights by ruling on the motion to dismiss without notice or a hearing. *See* Appellant Brief, at 9, 12. Neither argument is compelling.

With respect to amendment, the argument above confirms that Appellant's arguments as to his 2012 and 2013 tax obligations were "unfounded as a matter of law." *Kun*, slip op. at 3:2. The defects in Appellant's arguments "could not possibly be cured by the allegation of other facts," and thus the Bankruptcy Court's decision to grant the motion without leave to amend was not an abuse of discretion. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

United States District Court
Northern District of California

Furthermore, the Bankruptcy Court was not obligated to afford Appellant a hearing on the motion to dismiss. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure specifically denote in what instances "notice and a hearing" are required. 11 U.S.C. § 102(1); *see, e.g.*, Fed. R. Bankr. P. 2017. Notably, the rule pertaining to dismissal of adversary proceedings does not include this language. *See* Fed. R. Bankr. P. 7041. Appellant does not suggest otherwise, nor does he cite any authority for why the Fifth Amendment Due Process Clause necessitates a hearing in this context.[1] The matter was therefore left to the Court's discretion, and, in light of the weakness of Appellant's arguments, vacating the hearing was not an abuse of discretion. *See Bote v. Derham Burk*, No. 18-cv-02246-WHO, 2018 WL 5454150, at *3 (N.D. Cal. Oct. 29, 2018).

### III. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order is affirmed as to its finding on Appellant's 2012 and 2013 tax obligations. The Court did not err in granting the motion to dismiss without leave to amend and without a hearing. The order is vacated to the limited extent it discussed Appellant's 2014 tax obligation, and the case is remanded for further proceedings consistent with this order.

**IT IS SO ORDERED**.

Dated: November 18, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] The Ninth Circuit has declined to weigh in on whether the Fifth Amendment Due Process Clause would require such a hearing. *See In re Eliapo*, 468 F.3d 592, 603 (9th Cir. 2006).

United States District Court
Northern District of California